UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:25-mc-05008-DGE |
| Petitioner, | ORDER GRANTING PETITIONER'S PETITION TO ENFORCE IRS SUMMONS (DKT. NO. 1) AND DENYING RESPONDENT'S MOTIONS TO QUASH (DKT. NOS. 6, 8) |
| v. | |
| FRANK GEORGE WEBSTER, | |
| Respondent. | |

# I    INTRODUCTION

Petitioner alleges Respondent failed to file federal income tax returns for tax years 2020 or 2021 and filed an untimely, unverified tax return for 2022.  (Dkt. No. 1 at 2.)  Petitioner alleges personal service of an Internal Revenue Service ("IRS") summons on Respondent on July 29, 2024, with an interview scheduled on September 19, 2024.  (*Id*. at 2–3.)  Respondent did not attend this interview.  (*Id*. at 3.)  Petitioner provided a second interview opportunity for Respondent on November 14, 2024.  (*Id*.)  Respondent did not appear.  (*Id*.)  Petitioner has not

produced any records requested by summons.  (*Id.* at 4.)  Some responsive documents have been obtained through third-party summons.  (*Id.* at 5.)

On June 16, 2025, Petitioner filed a petition with this Court to enforce the IRS summons. (*Id.* at 1.)  On July 18, 2025, Respondent was ordered to appear in front of this Court on August 20, 2025, to show cause why he should not be compelled to comply with the IRS summons personally served upon him.  (Dkt. No. 4.)  On August 4, 2025, Respondent filed a motion to quash and dismiss the show cause order.  (Dkt. No. 6.)  On August 5, 2025, Respondent filed a motion to quash subpoenas and dismiss for lack of jurisdiction.  (Dkt. No. 8.)  On August 13, 2025, Petitioner filed a reply to both motions.  (Dkt. No. 9.)  On August 18, 2025, Respondent filed a notice of pending administrative proceedings.  (Dkt. No. 10.)  The next day, Respondent filed a surreply, a motion for a protective order, and a notice of administrative objection.  (Dkt. No. 11–13.)  On August 19, 2025, Petitioner filed a motion to strike Respondent's surreply and motion for a protective order.  (Dkt. No. 14.)

On August 20, 2025, this Court held a show cause hearing.  This Court denied Respondent's motion for a protective order (Dkt. No. 12) and granted in part and denied in part Petitioner's motion to strike Respondent's surreply and motion for a protective order (Dkt. No. 14.) (Dkt. No. 16.)

This Court now GRANTS Petitioner's petition to enforce IRS summons (Dkt. No. 1). The Court further DENIES Respondent's motion to quash and dismiss the show cause hearing (Dkt. No. 6) and Respondent's motion to quash and dismiss the subpoenas (Dkt. No. 8).

## II    BACKGROUND

Petitioner seeks to enforce an IRS subpoena against Respondent.  The IRS may "summon the person liable for tax . . . or any officer or employee of such person" for the purpose of

1    "ascertaining the correctness of any return, making a return where none has been made,

2    determining the liability of any person for any internal revenue tax . . . or collecting any such

3    liability." 26 U.S.C. § 7602(a). As part of a summons, the IRS may require an individual to

4    "appear" and "to produce such books, papers, records, or other data" as is "relevant or material"

5    to the inquiry. *Id*.

6         When an individual fails to comply with an IRS summons, the Government may seek

7    judicial enforcement of the summons. *Crystal v. United States*, 172 F.3d 1141, 1143 (9th Cir.

8    1999). The Government must show (1) the investigation is being conducted for a legitimate

9    purpose, (2) the material being sought is relevant to that purpose, (3) the information sought is

10   not already in the IRS's possession, and (4) the IRS complied with all administrative steps

11   required by the Internal Revenue Code. *Id*. at 1143–1144 (citing *United States v. Powell*, 379

12   U.S. 48, 57–58 (1964).

13        The Ninth Circuit favors judicial enforcement of summons. *See Liberty Fin. Servs. v.*

14   *United States*, 778 F.2d 1390, 1392 (9th Cir. 1999) (expressing concerning about "unduly

15   restrict[ing]" the IRS). The burden on the Government to show that it has met all four *Powell*

16   factors is slight. *Id*. at 1144 (citing *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1414 (9th Cir.

17   1993)). A single declaration from an investigating agent can be sufficient. *Id*. Once the

18   Government meets this burden, the party opposing the summons has a "heavy" burden to show

19   misconduct by the Government. *Crystal*, 172 F.3d at 1144 (quoting *United States v. Jose*, 131

20   F.3d 1325, 1328 (9th Cir. 1997) (en banc)).

21

22

23

24

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

### III    DISCUSSION

**A.  Petition To Enforce the IRS Summons (Dkt. No. 1)**

Petitioner seeks to enforce an IRS summons against Respondent.  (Dkt. No. 1.)  Petitioner alleges all four *Powell* factors are met.  (Dkt. Nos. 1 at 5; 9 at 6–8.)  Petitioner further argues it did not act in bad faith.  (Dkt. No. 9 at 8.)  Respondent attempts to argue that *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024) means "IRS referrals must now be grounded in precise statutory compliance."  (Dkt. No. 6 at 5.)  *Loper Bright* only limits the ability of agencies to provide persuasive interpretations of statutes.  *Loper Bright Enterprises*, 603 U.S. at 397.  Here, the text of 26 U.S.C. § 7602 is clear on its face.  The Government is clearly granted the power to issue IRS summons against individuals like Respondent, if the *Powell* factors are met and no bad faith is shown.

Petitioner alleges the first *Powell* factor is met because Petitioner has the legitimate purpose of examining Respondent's federal tax liabilities for 2020, 2021, and 2022.  (Dkt. No. 9 at 4, 6.)  Respondent does not rebut this claim.  Petitioner's stated purpose of examining Respondent's federal tax liabilities is legitimate under § 7602(a) for the purpose of "determining the liability of [Respondent] for any internal revenue tax."  Respondent has been informed of this purpose in his notices for summons interviews.  (Dkt. No. 1 at 3.)  The first *Powell* factor is therefore satisfied.

Petitioner alleges the second *Powell* factor is met because Petitioner is only seeking information related to the purpose of examining Respondent's federal tax liabilities for 2020, 2021, and 2022.  (Dkt. No. 9 at 6.)  Petitioner provides a sworn declaration from an agent attesting that the documents are "relevant to calculating [Respondent]'s taxable income for 2020, 2021, and 2022."  (Dkt. No. 2 at 5.)  Respondent does not rebut this claim.  An unchallenged

1    sworn declaration from an agent is sufficient for the Government to meet its burden of proving

2    its requests are relevant.  *Fortney v. United States*, 59 F.3d 117, 120 (9th Cir. 1995) (citing

3    *Dynavac*, 6 F.3d at 1414). The second *Powell* factor is therefore satisfied.

4        Petitioner alleges the third *Powell* factor is met because Petitioner lacks necessary

5    documents.  (Dkt. No. 2 at 4–5.)  In turn, Respondent states only Petitioner "already possesses

6    the relevant records (Ex. A)."  (Dkt. No. 6 at 3.)  No "Exhibit A" has been provided to this Court.

7    This Court has received no other information as to the specific documents Respondent believes

8    Petitioner has.  The third *Powell* factor is therefore satisfied.

9        Petitioner alleges the fourth *Powell* factor is met because the Government has followed

10   all proper procedures.  (Dkt. No. 9 at 7–8.)  Respondent alleges multiple errors with the

11   Government's procedure.  (Dkt. No. 6 at 3–4.)  Petitioner responds broadly that the only

12   requirement for the Government to show proper procedure is a revenue agent averring all

13   procedures have been followed.  (Dkt. No. 9 at 7.)  Petitioner further responds that none of

14   Respondent's alleged errors have any merit.  (*Id*. at 7–8.)

15       First, Respondent argues Petitioner failed to follow Internal Revenue Manual ("IRM")

16   § 25.1.3.2.  (Dkt. No. 6 at 3.)  However, this section applies at the point at which Form 2797 is

17   filed and has no bearing on the current request.  IRS Prac. & Procedure, § 12.05 (IRS Practice

18   and Procedure, 2025).  Similarly, Respondent argues Petitioner failed to follow Directive No.

19   137.  (Dkt. No. 6 at 4.)  The Department of Justice Tax Division Directive No. 137 lays out

20   Department policy for pursuing tax claims.  It has no bearing on this request.

21       Next, Respondent argues Petitioner failed to follow Treasury Regulation § 1.446-1(e).

22   (Dkt. No. 6 at 4.)  However, this regulation refers to changes in accounting methods and has no

23   bearing on the current request.  26 CFR § 1.446-1(e).

24

1           Respondent further argues Petitioner utilized incorrect forms that must be fixed before

2    enforcement is possible.  (Dkt. No. 6 at 4.)  Specifically, Respondent highlights a failure to

3    acknowledge a correct filing for tax year 2022 submitted on November 11, 2024, the naming of

4    private parties as "alter egos," and a failure to update the IRS Master File.  (*Id.*)  Respondent also

5    argues that Petitioner failed to provide a notice of deficiency under 26 US.C. § 2612.  (Dkt. No.

6    8 at 3.)  None of these assertions have any merit.  Petitioner properly named Respondent in this

7    summons, with a separate summons for his related trust, *see United States v. Amy White*, 3:25-

8    mc-05007-DGE.  Any documents that have not yet been finalized or provided merely reflect that

9    an outstanding summons interview is required to accurately assess Respondent's tax liabilities.

10    The fourth *Powell* factor is therefore satisfied.

11           Therefore, each of the four *Powell* factors is met. The only defense remaining to

12    Respondent is that Petitioner is acting in bad faith.  Respondent alleges "No audit or exam has

13    been completed or opened for [Respondent] that is not a farce contrived to satisfy the

14    requirement on the surface only."  (Dkt. No. 8 at 4.)  For the reasons previously stated, the IRS

15    summons against Respondent has been validly issued.  Bad faith must be alleged with "specific

16    facts and evidence."  *Jose*, 131 F.3d at 1328.  Respondent has not made any allegation of bad

17    faith, much less a specific allegation.

18           Finally, Respondent argues that any failure of theirs was due to Petitioner's failure to

19    respond to Respondent's requests for information.  (Dkt. Nos. 6 at 4; 8 at 2, 6.)  Respondent

20    argues another proceeding would be more appropriate.  (Dkt. Nos. 6 at 6, 8 at 3.)  The purpose of

21    Petitioner's petition and this Court's order is only to enforce an IRS subpoena against

22    Respondent.  Any motive of Respondent for any alleged error or desire to litigate a separate

23    claim against Petitioner is outside the scope of this case.  Similarly, Respondent alleges

24

violations of privacy rights under 5 U.S.C. § 552(a).  (Dkt. No. 6 at 4.)  Respondent only makes

conclusory allegations at this stage.  Even if the claim contained information sufficient to be

meritorious, it would best be brought in a separate action.

Accordingly, Petitioner's petition to enforce an IRS summons against Respondent is

granted.

## B.  Respondent's Motion to Quash and Dismiss Show Cause Orders (Dkt. No. 6)

Respondent seeks to quash and dismiss the show cause hearing order.  (Dkt. No. 6.)

Respondent provides, however, only limited analysis of why the order to show cause should be

dismissed.  Liberally construed, Respondent states the order should be dismissed for lack of

jurisdiction and process.  (*Id*. at 2, 4.)  Respondent makes no specific allegations as to why there

is a lack of jurisdiction or improper process of service.  This Court is authorized to order

Respondent to comply with the IRS summons and to order a show cause hearing to adjudicate

whether the petition for enforcement should be granted.  *See 26* U.S.C. § 7604(a); *see also*

*United States v. Gilleran*, 992 F.2d 232, 234 (9th Cir. 1993) (requiring district courts to order a

show cause hearing to adjudicate petitions to enforce IRS summons).

## C.  Respondent's Motion to Quash and Dismiss the Subpoenas (Dkt. No. 8)

Respondent also asks the Court to quash and dismiss the subpoenas against third parties.

(Dkt. No. 8 at 2, 5.)  Respondent alleges that Petitioner failed to follow 26 U.S.C. § 7602(c).  (*Id*.

at 5.)  Respondent should have brought these claims in a separate action as any claim against

Petitioner for improper third-party summons is unrelated to an IRS summons against

Respondent.  26 U.S.C. § 7609.  To the extent Respondent makes a claim, however, it fails.

Petitioner provided Respondent with reasonable notice and opportunity to respond.  (Dkt. Nos. 9;

9-1; 9-2.)  There is no specific allegation Respondent failed to receive these documents or that Petitioner failed to comply with their procedure as stated on these documents.

**IV      ORDER**

Accordingly, and having considered Petitioner's motion, the briefing of the parties, and the remainder of the record, the Court finds and ORDERS that Petitioner's Petition to Enforce IRS Summons (Dkt. No. 1) is GRANTED.  This Court further finds and ORDERS Respondent's Motion to Quash and Dismiss Show Cause Orders (Dkt. No. 6) and Respondent's Motion to Quash Subpoenas (Dkt. No. 8) are DENIED.

Respondent SHALL appear before IRS Revenue Agent Sandy Bachman, or any other proper officer or employee of the IRS, at 500 West 12th Street, Suite 110, Vancouver, Washington 98660 on October 29, 2025, at 2:00 p.m. and give testimony as required by the summons (Dkt. No. 2-2). Furthermore, at the October 29, 2025, 2:00 p.m. summons interview, Respondent SHALL produce to the IRS the following outstanding records, as required by the summons and listed in the Declaration of Revenue Agent Bachman (Dkt. No. 2, ¶25):

1. Contracts of sale, purchase and sale agreements, mortgage and loan history, tax records, deeds of trust, closing statements, lease agreements, assignments, insurance information, rental information, correspondence, and power of attorneys related to any real property under the possession or control of Frank Webster from January 1, 2020, through December 31, 2022.

   A. Excepted from this is Skamania County's public title information for the property located at 231 Jackson Road, Cook, Washington 98605 and 61 Jackson Road, Cook, Washington 98605.

2.  Bank statements, deposit slips, deposit items, cancelled checks (front and back), wire details, and bank correspondence from February 24, 2020, through November 30, 2020, for Umpqua Bank account ending in x0316 in the name of W&W Property Solutions LLC, an entity related to Frank Webster.

3.  Bank statements, deposit slips, deposit items, cancelled checks (front and back), wire details, and bank correspondence from January 1, 2020, through November 16, 2020, for Umpqua Bank account ending in x6694 in the name of "Frank G Webster, Amy M White, Community Water Acct at 61 Jackson Rd," an entity related to Frank Webster.

Dated this 27th day of August, 2025.

David G. Estudillo
United States District Judge

ORDER GRANTING PETITIONER'S PETITION TO ENFORCE IRS SUMMONS (DKT. NO. 1) AND
DENYING RESPONDENT'S MOTIONS TO QUASH (DKT. NOS. 6, 8) - 9